11-2686-ag
Gao v. Holder

BIA
A072 473 623

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand twelve.

PRESENT:
JOHN M. WALKER, JR.,
ROBERT A. KATZMANN,
PETER W. HALL,
*Circuit Judges.*

_____

SHIN YI GAO, AKA QUAN GUAN GAO,
*Petitioner,*

v.                                              11-2686-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Yee Ling Poon; Robert Duk-Hwan Kim,
                       Law Offices of Yee Ling Poon, LLC,
                       New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Luis E. Perez, Senior
                       Litigation Counsel; Rachel Browning,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shin Yi Gao, a native and citizen of the People's Republic of China, seeks review of a June 7, 2011, decision of the BIA denying his motion to reopen his deportation proceedings. *In re Shin Yi Gao*, No. A072 473 623 (B.I.A. June 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. *See* 8 U.S.C. §§ 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Gao's fourth motion to reopen, filed in September 2010, was untimely and number-barred because the immigration judge issued a final order of removal in 1993. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

2

Gao contends, however, that he established a material change in conditions excusing the untimely and number-barred filing of his motion to reopen based on his recent conversion to Christianity and the Chinese government's increased suppression of religious freedom. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). We conclude that the BIA's denial of Gao's motion to reopen as untimely and number-barred was not an abuse of discretion.

Pursuant to 8 U.S.C. § 1229a(c)(7)(B), the movant bears the burden of supporting his motion to reopen with relevant evidence. *See INS v. Abudu*, 485 U.S. 94, 110 (1988). "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007); *see* 8 C.F.R. § 1003.2(c)(3)(ii). Because Gao failed to properly support his motion with *any* evidence describing conditions for Chinese Christians at the time of his 1993 merits hearing, the BIA's finding of no materially changed country conditions is supported by substantial evidence. *See id.*; *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4